**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LAIDI CORZO RODRIGUEZ,

      Petitioner,

v.                                   Case No. 3:26-cv-901-WWB-SJH

UNITED STATES ATTORNEY
GENERAL, et al.,

      Respondents.
_____

## ORDER

Petitioner, a native and citizen of Cuba, initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at the Baker County Detention Center. (*Id.*). According to Petitioner, ICE detained him on October 3, 2025, and his prolonged detention violates his due process rights under 8 U.S.C. § 1231. (*Id.* at 4, 6). As relief, Petitioner request that the Court order his immediate release. (*Id.* at 7).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. *Id.* at 701. The Court also concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

Here, Petitioner does not allege that he is subject to a final removal order. (*See generally* Doc. 1). And a review of the Executive Office for Immigration Review's ("**EOIR**") website neither indicates Petitioner has a final removal order, nor lists any pending removal proceedings or case information related to Petitioner. *See* EOIR, Automated Case Information, available at www.acis.eoir.justice.gov (last visited Apr. 20, 2026). As such, Petitioner does not appear to be detained under § 1231, and therefore, *Zadvydas* does not currently apply because Petitioner does not have a final order of removal. *See, e.g.*, *Diaz-Calderon v. P. Barr*, No. 2:20-CV-11235, 2020 WL 5645191, at *9 (E.D. Mich. Sept. 22, 2020) (a final order of removal is necessary to allow detention under § 1231, and to apply *Zadvydas*). Thus, this case is dismissed without prejudice to Petitioner's ability to refile his claim and provide information about his removal proceedings and a date that any removal order became final.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on April 21, 2026.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C:     Laidi Corzo Rodriguez, A244232563

3